UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Trustees of the Electrical Welfare :
    Trust Fund, et al. :
            Plaintiffs, :
v. : Civil Case No.: MJG 03CV308
       :
Tri Tech Electrical Services, Inc. :
            Defendant. :

## AFFIDAVIT OF SERVICE

I, James W. Burton, being first duly sworn upon oath, depose and state that I am over eighteen (18) years of age, have personal knowledge of and am competent to testify to the following:

1. I am an attorney of record for the Plaintiffs in the instant action.

2. Special Process Server, Jeff Mclormol, served the Complaint, with Summons, in the above captioned matter. A copy of Mr. Miller's Proof of Service is attached hereto, by serving Jonathan Paul Bosworth, agent authorized to accept on behalf of Defendant, Tri-Tech Electrical Services, Inc. Service was made on Mr. Bosworth in Gambrills, Maryland on February 19, 2003.

                                                     _____
                                                     James W. Burton, Esq.

SS:   IN PRINCE GEORGE'S COUNTY
SUBSCRIBED AND SWORN TO before me on this 21st day of March, 2003.

                                                     _____(seal)
                                                   Notary Public

My commission Expires: 9/1/2003

PLAINTIFF'S EXHIBIT A

Respectfully submitted,

McChesney & Dale, P.C.

BY: _____
James W. Burton
Federal Bar No. 14319
4000 Mitchellville Road
Suite 222
Bowie, Maryland 20716
(301) 805-6080
(301) 805-6086 fax
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Affidavit of Service was mailed on this 24 day of March, 2003 to:

Tri Tech Electrical Services, Inc.
206 Kuethe Road
Glen Burnie, MD 21060

Jonathan Paul Bosworth
680 North Route 3
Gambrills, MD 21054

_____
James W. Burton

\md\taft hartley\ibew\collections\Davidson Electric\pleadings\affidavit of service 9-29-00.doc

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____   District of   _____
                                    MARYLAND

Trustees of the International Brotherhood of
   Electrical Workers, et al., Local No. 26
4601 Presidents Drive, Suite 300         **SUMMONS IN A CIVIL CASE**
Lanham, MD 20706-4365    V.

Tri Tech Electrical Services, Inc.
206 Kuethe Road                          CASE NUMBER: MJG 03CV308
Glen Burnie, MD 21060
SERVE:  JONATHAN PAUL BOSWORTH

TO: (Name and address of Defendant)
Tri Tech Electrical Services, Inc.     SERVE:  JONATHAN PAUL BOSWORTH
206 Kuethe Road                                 206 Kuethe Road
Glen Burnie, MD  21060                          Glen Burnie, MD  21060


**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)
James W. Burton, Esq./William P. Dale, Esq.
McChesney & Dale, P.C.
4000 Mitchellville Road
Suite 222B
Bowie, MD  20716


an answer to the complaint which is served on you with this summons, within ____20____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.


Felicia C. Cannon                        JAN 3 1 2003
_____          _____
CLERK                                    DATE
   /s/ Batty Chiarizia
_____
(By) DEPUTY CLERK

v. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE | 680 North Rte 3 Gambrills, Maryland |
|---|---|---|

SERVED: Jonathan Paul Beswith

MANNER OF SERVICE: Personal

SERVED ON (PRINT NAME)

SERVED BY (PRINT NAME): Jeff McCormick

TITLE: Special Process Server

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America th[at the information] contained in the Proof of Service is true and correct.

Executed on 2-19-03

SIGNATURE OF SERVER: Jeff McC

ADDRESS OF SERVER: 8150 Lotterral Pr, Greenbelt Maryland

*(handwritten margin notes: IBEW v. Tri Tech Elect. in New Mkt; Gambino - person to be served - bad address)*

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisi[ons of cl]ause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.