UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Trustees of the Electrical Welfare :
    Trust Fund, et al. :
 :
    Plaintiffs, :
 :
    v. : Civil Case No.:  MJG 03CV308
 :
Tri Tech Electrical Services, Inc. :
 :
    Defendant. :

**MOTION FOR JUDGMENT BY DEFAULT**

Plaintiffs, Trustees of the Electrical Workers Trust Fund ("Welfare Fund"); Catherine V. Young, Andrew A. Porter, Michael H. Walker, Sven Sahkul, Francis J. Olshefski, Richard Warner and Ramiro Ramos; Trustees of the Electrical Workers Local No. 26 Pension Trust Fund ("Pension Fund"); William E. Heller, Ronald Bryant, James Craft, Sr., Francis J. Olshefski, Howard L. Ritchie, Jr., and Charles Graham; Trustees of the Electrical Local No. 26 Joint Apprenticeship and Training Trust Fund ("JATC"); Michael McArtor, Larry Silverberg, Steve Kelly, Andrew A. Porter, Wayne Butler, Francis J. Olshefski, and Howard L. Ritchie, Jr.; Trustees of the Electrical Workers Local No. 26 Individual Account Fund ("Account Fund"); Michael Dugan, Michael Shoemaker, Barry T. Mates, Francis J. Olshefski, and Randolph Scott; Brian Burns and Albert Winfield, Collection Agents for the National Electrical Benefit Fund/National Electrical Contractors Association ("NEBF"), and the National and Local Labor Management Cooperation Committee ("NLMCC" and "LMCC"), Washington D.C. Chapter, 4200 Evergreen Lane, Suite 335 Annandale, Virginia 22003; Howard L. Ritchie, Collection Agent for IBEW, Local #26 Working Dues, 6220 Kansas Ave., NE, Washington, D.C. 20011; by their

undersigned counsel, pursuant to Fed. R. Civil P. 55, hereby move this court for Judgment by Default in their favor against Defendant, Tri Tech Electrical Services, Inc.

The grounds for this motion are as follows:

1.  On May _____, 2003, the Clerk entered a Default based on Defendant's failure to plead or otherwise defend this action.

2.  Defendant failed to provide reports or make contributions in a timely manner for work performed during the months of October 2001 through the present, to the NEBF; therefore, Defendant owes contributions, liquidated damages and interest.

3.  Defendant failed to provide reports or to make contributions in a timely manner for work performed during the months of October 2001 through the present to the Welfare Fund; therefore, Defendant owes contributions, liquidated damages and interest.

4.  Defendant failed to provide reports or to make contributions in a timely manner for work performed during the months of October 2001 through the present, to the Pension Fund; therefore, Defendant owes liquidated damages and interest.

5.  Defendant failed to provide reports or to make contributions in a timely manner for work performed during the months of October 2001 through the present to the JATC; therefore, Defendant owes contributions, liquidated damages and interest.

6.  Defendant failed to make contributions in a timely manner for work performed during the months of October 2001 through the present to the Individual Account Fund; therefore, Defendant owes liquidated damages and interest.

7.  Defendant failed to make contributions in a timely manner for work performed during the months of January 2003 through the present to the Labor Management Cooperation Committee and therefore owes contributions.

8. Defendant failed to make contributions in a timely manner for work performed during the months of January 2003 through the present to the National Labor Management Cooperation Committee and therefore owes contributions.

9. Defendant failed to make contributions in a timely manner for work performed during the months of January 2003 through the present to the International Brotherhood of Electrical Workers Local No. 26 and therefore owes contributions.

10. Defendant owes contributions for the months of January 2003 through the present in the following amounts:

| NEBF | WELFARE FUND | PENSION FUND | JATC | ACCOUNT FUND |
|---|---|---|---|---|
| $ 5,511.98 | $ 15,261.03 | $ 8,347.88 | $ 2,252.99 | $ 10,463.20 |

(Affidavit of Julie Linkins, attached hereto as Exhibit A.)

11. Defendant owes Liquidated Damages and Interest for the months of October 2001 through the present in the following amounts:

| NEBF | WELFARE FUND | PENSION FUND | JATC | ACCOUNT FUND |
|---|---|---|---|---|
| $ 5,908.74 | $ 17,669.19 | $ 6,725.29 | $ 2,821.55 | $ 11,465.02 |

(Affidavit of Julie Linkins, attached hereto as Exhibit A.)

12. Defendant owes totals to the Funds in the following amounts:

| NEBF | WELFARE FUND | PENSION FUND | JATC | ACCOUNT FUND |
|---|---|---|---|---|
| $ 11,420.72 | $ $32,930.22 | $ 15,073.17 | $ 5,074.54 | $ 21,928.22 |

(Affidavit of Julie Linkins, attached hereto as Exhibit A.)

13. Defendant failed to pay Working Dues to IBEW, Local #26 for the months of January 2003 through the present in the following amount: $ 2,634.21. (Affidavit of Julie Linkins, attached hereto as Exhibit A.)

14. Plaintiffs incurred attorneys' fees and costs of $ 3,905.50 because they were required

to institute legal action against Defendant to collect from Defendant the amounts to which they were entitled, and they also were required to revise pleadings on several occasions as a result of partial payments which modified all the figures.  Defendant, therefore owes these amounts to Plaintiffs pursuant to Section 502(g)(2)(D) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C.§1132(g)(2)(D).  (Affidavit of James W. Burton, attached hereto as Exhibit B).

15.   Defendant is bound by the terms of the Collective Bargaining Agreement between Local 26, International Brotherhood of Electrical Workers and the National Electrical Contractors Assoc., Washington, D.C. Chapter, and continues to breach its contract by not making contributions in a timely manner, and not paying past-due Liquidated Damages and Interest as previously stated in Plaintiffs' Complaint.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court Order the Defendant, under penalty of fine, a judgment award in the amount of $ 93,419.65 the timely filing of current and future reports, and payment of current and future contributions within 15 days of the issuance of this Order; and that in order to assure against further violations of this Court's Orders in addition to other penalties the Court may deem proper to impose, the Court hereby assess against the Defendant a prospective fine in the amount of $100.00 per day if Defendant does not remain in compliance with this Order.

Respectfully submitted,

McChesney & Dale, P.C.

BY:_____/s/_____
William P. Dale
Federal Bar No. 08250
4000 Mitchellville Road, Suite 222
Bowie, Maryland  20716
Phone: (301) 805-6080 / Fax (301) 805-6086
Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a copy of the foregoing Motion for Judgment by Default was mailed, first class, postage prepaid this 19th day of May 2003, to:

>Tri Tech Electrical Services, Inc.
>206 Kuethe Road
>Glen Burnie, MD 21060

                                                      /s/
                                         William P. Dale

\\Md\Taft Hartley\IBEW\Collections\Tri Tech\Default Package and Show Cause filing-5-19-03\Motion for Judgment by Default-5-19-03.doc